**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
445 South Figueroa Street, 31st Floor
Los Angeles, CA 90071
Tel: (213) 985-7290
Email: aapton@zlk.com

*Attorneys for Docdeer Foundation*
*and [Proposed] Lead Counsel for the*
*Class*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIANO LADEWIG, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BIONTECH SE, UGUR SAHIN, and JENS HOLSTEIN,<br><br>Defendants. | Case No.: 2:24-cv-00337-DMG-SSC<br><br>**DOCDEER FOUNDATION'S MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF ITS MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL; AND OPPOSITION TO THE COMPETING LEAD PLAINTIFF MOTIONS**<br><br>Judge: Hon. Dolly M. Gee<br>Date: April 12, 2024<br>Time: 9:30 a.m.<br>Courtroom: #8C |

## I.  PRELIMINARY STATEMENT

The Private Securities Litigation Reform Act of 1995 ("PSLRA") requires courts to appoint a lead plaintiff in securities class actions asserting violations of the Securities Exchange Act of 1934. It instructs courts to appoint as lead plaintiff the movant with the largest financial interest in the litigation, so long as that movant satisfies the adequacy and typicality requirements under Rule 23. *See* 15 U.S.C. §78u-4(a)(3)(B). Under that directive, Docdeer Foundation ("Docdeer") is the "most adequate plaintiff" because it is the movant with the largest financial interest and otherwise satisfies the typicality and adequacy prongs of the Federal Rules of Civil Procedure 23 ("Rule 23").

The PSLRA states that the movant with the "largest financial interest" that is otherwise adequate and typical shall be appointed as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii). Courts in the Ninth Circuit have considered several different methodologies when determining a movant's financial interest, including the well-known *Olsten/Lax* factors: (1) number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered. *Robb*, 2016 U.S. Dist. LEXIS 62457, at *8; *Knox v. Yingli Green Energy Holding Co. Ltd.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015). Most courts have found that the fourth factor, approximate loss suffered, is the most important factor and afford it the greatest weight in determining which movant has the largest financial interest. *Id.* (noting that "the last of these factors typically carries the most weight"); *see also In re Aqua Metals Sec. Litig.*, No. 17-cv-07142-HSG, 2018 U.S. Dist. LEXIS 86889, at *7 (N.D. Cal. May 23, 2018) (equating losses with greatest financial interest).

As the following table demonstrates, Docdeer possesses the largest financial interest in the Action under two of the four *Olsten/Lax* factors, including the most

important factor, approximate loss suffered.

| Movant | Gross Shares Purchased | Net Shares Retained | Net Funds Expended | Claimed Losses |
|---|---|---|---|---|
| Docdeer Foundation | 4,600 | 2,600 | $388,124.62 | $154,269.86 |
| Xia Rongpeng | 7,500 | 3,300 | $350,578.90 | $127,135.00 |
| Oranee Daniels | 300 | 200 | $31,641.00 | $15,469.00 |

*See* ECF Nos. 13-2; 17-3; and 21-1.

With nearly $30,000 more losses than the next closest movant, Xia Rongpeng, and nearly ten times more losses than the next movant, Oranee Daniels, there can be no dispute that Docdeer holds the "largest financial interest" in the Action and is, therefore, presumptively the "most adequate plaintiff" for the purpose of serving as lead plaintiff pursuant to the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B).

Moreover, Docdeer has made a preliminary showing of the typicality and adequacy requirements of Rule 23, which is all that is required at this stage in the litigation. *Takeda v. Turbodyne Techs., Inc.,* 67 F. Supp. 2d. 1129, 1136 (C.D. Cal. 1999). Docdeer is typical of the other class members insofar as it acquired BioNTech SE ("BioNTech" or the "Company") securities during the Class Period and was damaged as a result. Docdeer does not have any interests adverse to the class and, as demonstrated in Mr. Eric Hirsch's declaration accompanying Docdeer's motion[1], is ideally suited to serve as the lead plaintiff given Mr. Hirsch's 36 years of investing experience. *See* ECF No. 13-4.

With the largest financial interest in the outcome of the Action and having made the preliminary showing of typicality and adequacy, Docdeer is entitled to the presumption of being the "most adequate plaintiff". 15 U.S.C. § 78u-4(a)(3)(B). As the other movants cannot rebut this presumption with proof that Docdeer is somehow atypical or inadequate, it is entitled to be appointed as the lead plaintiff.

---

[1] Docdeer is an investment company for which Mr. Hirsch is authorized to act on behalf of as its investment advisor.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Accordingly, for these reasons, Docdeer respectfully requests that the Court grant its motion in its entirety and deny the competing motions.

## II.    ARGUMENT

### A.    The PSLRA Process for Selecting a Lead Plaintiff

Under the PSLRA, this Court is directed to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be the most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a) and (a)(3)(B).

In interpreting the PSLRA, the Ninth Circuit formulated a clear process for selecting a lead plaintiff. *See Doherty v. Pivotal Software, Inc.,* No. 3:19-cv-03589-CRB, 2019 U.S. Dist. LEXIS 195360, at *12-13 (N.D. Cal. Nov. 8, 2019); *In re Stitch Fix, Inc. Sec. Litig.,* 393 F. Supp. 3d 833 (N.D. Cal. 2019); *Abrams v. Intuitive Surgical, Inc.,* No. 5:13-CV-01920-EJD, 2013 U.S. Dist. LEXIS 165873, at *5 (N.D. Cal. Nov. 18, 2013) (citing *In re Cavanaugh*, 306 F.3d at 729-30). "[T]he courts must compare the financial stakes of the various plaintiffs, determine which has the most to gain from the lawsuit, and determine whether that plaintiff satisfies Rule 23, particularly its typicality and adequacy requirements." *Id*. (citing *In re Cavanaugh*, 306 F.3d at 730). The movant with the largest financial interest that satisfies Rule 23 is the "presumptive lead plaintiff." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *In re Cavanaugh*, 306 F.3d at 730. "If the plaintiff with the greatest financial stake does not satisfy the Rule 23(a) criteria, the court must repeat the inquiry, this time considering the plaintiff with the next-largest financial stake, until it finds a plaintiff who is both willing to serve and satisfies the requirements

of Rule 23." *Id*. Third, the court must then consider any competing lead plaintiff movants attempts to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23. *Id*.

### B.   Docdeer Is the "Most Adequate" Lead Plaintiff

#### 1.   *Docdeer Possesses the "Largest Financial Interest".*

The PSLRA provides a presumption that the "most adequate plaintiff" to serve as lead plaintiff is the movant with the "largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  Docdeer is entitled to that presumption because, relative to the other movants, Docdeer's losses are far greater. In accordance with *In re Olsten Corp. Sec. Litig.* and *Lax v. First Merchants Acceptance Corp.*, "courts use the *Lax-Olsten* four-factor test to approximate economic losses: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered during the class period." *Crews v. Rivian Auto., Inc.,* No. 2:22-cv-01524-RGK-Ex, 2022 U.S. Dist. LEXIS 118795, at *9 (C.D. Cal. July 1, 2022) (internal quotations removed); *see also Lax v. First Merchants Acceptance Corp.,* No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *17 (N.D. Ill. Aug. 6, 1997); *In re Olsten Corp. Securities Litig.,* 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998).

Of the four factors, "[c]ourts in the Ninth Circuit have tended to give the final factor the most emphasis". *Waterford Twp. Police & Fire Ret. Sys. v. Mattel, Inc.,* No. 17-cv-04732 VAP (KSx), 2017 U.S. Dist. LEXIS 229452, at *14 (C.D. Cal. Sep. 29, 2017). In this instance, Docdeer is the movant with the largest loss under the most important factor, approximate loss suffered, as well as net funds expended.

| Movant | Gross Shares Purchased | Net Shares Retained | Net Funds Expended | Claimed Losses |
|---|---|---|---|---|
| Docdeer Foundation | 4,600 | 2,600 | $388,124.62 | $154,269.86 |
| Xia Rongpeng | 7,500 | 3,300 | $350,578.90 | $127,135.00 |

| Oranee Daniels | 300 | 200 | $31,641.00 | $15,469.00 |

*See* ECF Nos. 13-2; 17-3; and 21-1.

Docdeer expended $37,545.72 more and lost $27,134.86 more as compared to the next closest movant, Xia Rongpeng. Accordingly, Docdeer has the largest financial interest in this matter.

### 2.      *Docdeer Satisfies Rule 23's Typicality and Adequacy Requirements.*

Not only does Docdeer possess the largest financial interest of all movants pursuant to the PSLRA and the widely accepted *Olsten/Lax* Factors, but it also satisfies the typicality and adequacy prongs of Rule 23, requiring its appointment as lead plaintiff.

Typicality exists where the claims of the representative parties "arise from the same event or practice or course of conduct that gives rise to the claims of the class members and are based on the same legal theory." *Ferrari v. Gisch*, 225 F.R.D. 599, 606. (C.D. Cal. 2004) (internal quotations removed). Docdeer's claims are typical of those of other Class members because, like other Class members, it acquired BioNTech securities during the Class Period at prices artificially inflated by Defendants' misrepresentations and/or omissions that form the basis of the Action. Moreover, Docdeer's claims are based on the same legal theory and arise from the same events and course of conduct as the Class's claims.

To satisfy the adequacy requirement at this stage of the proceedings, Docdeer must make a preliminary showing that its interests are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between its interests and other members of the Class. 15 U.S.C. § 78u-4(a)(3)(B); *see Crawford v. Honig*, 37 F.3d 485, 487 (9th Cir. 1994) (citation omitted). Docdeer has no conflicts with other Class Members, nor is there evidence of any antagonism between Docdeer's interest and those of the Class.

Finally, Docdeer has further demonstrated its adequacy by submitting a declaration in support of its Motion, attesting that it is ready, willing, and able to oversee this litigation. In the declaration, Mr. Eric Hirsch on behalf of Docdeer, provided his education, employment, and years of investing experience. ECF No. 13-4. Docdeer is an investment company for which Mr. Hirsch is authorized to act on behalf of as its investment advisor. *Id*. Mr. Hirsch considers himself to be a sophisticated investor, having been investing in the stock market for 36 years. *Id*. He resides in Cape Town, Western Cape, South Africa, and possesses a Ph.D. in Law from the University of Münster in Germany and is a licensed attorney. *Id*. Mr. Hirsch is currently retired, but prior to that, he was CEO of Bankhaus Wölbern, a bank in Hamburg, Germany. *Id*. Mr. Hirsch has experience overseeing attorneys, as he has hired attorneys for business-related matters. *Id*. Further, in the certification and declaration, Mr. Hirsch states his familiarity with, and willingness to take on, the duties of a lead plaintiff and class representative under the PSLRA and Rule 23. *See* ECF Nos. 18-1; 18-4 (PSLRA Certification & Hirsch Declaration).

Docdeer, therefore, is the movant for lead plaintiff that has the largest financial interest in the Action and otherwise meets the requirements of Rule 23. Accordingly, Docdeer is entitled to the presumption that it is the "most adequate plaintiff" and that it should be appointed as the lead plaintiff. 15 U.S.C § 78u-4(a)(3)(B)(iii)(II).

**C.    No Movant Can Rebut the Strong Presumption in Favor of Appointing Docdeer as Lead Plaintiff.**

By having timely filed a motion for appointment as the lead plaintiff, possessing the largest financial interest in the Action of all movants, and sufficiently making a preliminary, *prima facie* showing of typicality and adequacy, Docdeer has fulfilled the PSLRA's requirements to become the "most adequate plaintiff." *See* 15 U.S.C. §78u-4(a)(3)(B)(iii) (discussing requirements to become the "most

adequate plaintiff"). Docdeer, therefore, is entitled to the presumption that it shall be appointed as the lead plaintiff in the Action. *See* 15 U.S.C. §78u-4(a)(3)(B)(i) (stating the court "shall appoint as the lead plaintiff" the "most adequate plaintiff"). Docdeer's presumption as the "most adequate plaintiff" may only be rebutted upon proof by a class member that Docdeer "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."15 U.S.C § 78u-4(a)(3)(B)(iii)(II); *In re Cavanaugh*, 306 F.3d at 741. Absent proof rebutting the presumption, Docdeer is entitled to be appointed as the lead plaintiff. *See Hufnagle v. Rino Int'l Corp.,* No. CV 10-8695-VBFVBKX, 2011 U.S. Dist. LEXIS 19771, at *16 -26 (C.D. Cal. Feb. 14, 2011), *adopted*, No. CV 10-1754-VBFVBKX, 2011 U.S. Dist. LEXIS 19760 (C.D. Cal. Feb. 16, 2011) (appointing the most adequate plaintiff where competing movants failed to submit proof of unique defense). This is something that the other movants cannot do. Accordingly, Docdeer's motion should be granted in its entirety.

## III. LEVI & KORSINSKY, LLP SHOULD BE APPROVED AS LEAD COUNSEL.

This Court should approve Docdeer's selection of Levi & Korsinsky as Lead Counsel. The PSLRA vests authority in the lead plaintiff to select and retain lead counsel. 15 U.S.C. § 78u-4(a)(3)(B)(v). Numerous courts throughout the country have appointed Levi & Korsinsky as lead counsel in securities class action lawsuits. *See* ECF No. 13-5. With approximately 30 attorneys across five different offices, including an office in this district, Levi & Korsinsky stands ready, willing and able to prosecute this case. *Id*.

## IV. CONCLUSION

For the foregoing reasons, Docdeer respectfully requests that the Court grant its Motion and enter an order: (1) appointing Docdeer as Lead Plaintiff; (2)

approving its selection of Levi & Korsinsky as Lead Counsel for the Class; and (3) granting such other relief as the Court may deem just and proper.

Dated: March 22, 2024                    Respectfully submitted,

                                         **LEVI & KORSINSKY, LLP**

                                         */s/ Adam M. Apton*
                                         Adam M. Apton (SBN 316506)
                                         445 South Figueroa Street, 31st Floor
                                         Los Angeles, CA 90071
                                         Tel: (213) 985-7290
                                         Email: aapton@zlk.com

                                         *Attorneys for Docdeer Foundation and*
                                         *[Proposed] Lead Counsel for the Class*

**CERTIFICATE OF SERVICE**

I, Adam M. Apton, hereby declare under penalty of perjury as follows:

I am a partner attorney at Levi & Korsinsky, LLP, with offices at 445 South Figueroa Street, 31st Floor, Los Angeles, CA 90071. I am over the age of eighteen.

On March 22, 2024, I electronically filed the following **DOCDEER FOUNDATION'S MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF HIS MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL AND OPPOSITION TO THE COMPETING LEAD PLAINTIFF MOTIONS** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on March 22, 2024.

/s/ Adam M. Apton
Adam M. Apton