**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
445 South Figueroa Street, 31st Floor
Los Angeles, CA 90071
Tel: (213) 985-7290
Email: aapton@zlk.com

*Attorneys for Docdeer Foundation*
*and [Proposed] Lead Counsel for the*
*Class*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIANO LADEWIG, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BIONTECH SE, UGUR SAHIN, and JENS HOLSTEIN,<br><br>Defendants. | No.: 2:24-cv-00337-DMG-SSC<br><br>**DOCDEER FOUNDATION'S MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO THE COMPETING LEAD PLAINTIFF MOTIONS**<br><br>Judge: Hon. Dolly M. Gee<br>Date: April 12, 2024<br>Time: 9:30 a.m.<br>Courtroom #8C |

MEMORANDUM OF POINTS AND AUTHORITIES OF DOCDEER FOUNDATION
Case No. 2:24-cv-00337-DMG-SSC
i

## I.    PRELIMINARY STATEMENT

Docdeer Foundation ("Docdeer") is the "most adequate plaintiff" and respectfully submits this reply memorandum in further support of its motion: (1) to be appointed as Lead Plaintiff, pursuant to § 21D of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and (2) for approval of its selection of the law firm of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel for the class.

On March 12, 2024, Docdeer timely submitted its motion for appointment as Lead Plaintiff in the above-captioned securities class action (the "Action"). *See* ECF No. 11. Two other competing motions for appointment as Lead Plaintiff were filed by Xia Rongpeng and Oranee Daniels. *See* ECF Nos. 15 and 19. On March 22, 2024, the day oppositions were due, movants Xia Rongpeng and Oranee Daniels filed notices of non-opposition, acknowledging that they did not have the largest financial interest in the relief sought by the class. *See* ECF Nos. 23 and 25. Additionally, neither Xia Rongpeng or Oranee Daniels offered any proof that Docdeer failed to satisfy Rule 23 or challenged Docdeer's ability to lead this litigation as Lead Plaintiff.

Therefore, Docdeer is the "most adequate plaintiff," and in light of the competing movants' non-opposition to Docdeer's motion for appointment as Lead Plaintiff, Docdeer respectfully requests that the Court: (1) appoint it as Lead Plaintiff; (2) approve the selection of Levi & Korsinsky as Lead Counsel; and (3) deny all competing motions.

## II.    ARGUMENT

### A.    Docdeer is the "Most Adequate Plaintiff" to Serve as the Lead Plaintiff.

Docdeer has the largest financial interest and satisfies the typicality and adequacy requirements of Rule 23. In accordance with *In re Olsten Corp. Sec. Litig.* and *Lax v. First Merchants Acceptance Corp.*, "courts use the *Lax-Olsten* four-

factor test to approximate economic losses: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered during the class period." *Crews v. Rivian Auto., Inc.,* No. 2:22-cv-01524-RGK-Ex, 2022 U.S. Dist. LEXIS 118795, at *9 (C.D. Cal. July 1, 2022) (internal quotations removed). *see also Lax v. First Merchants Acceptance Corp.,* No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *17 (N.D. Ill. Aug. 6, 1997); *In re Olsten Corp. Securities Litig.,* 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998).

Of the four factors, "[c]ourts in the Ninth Circuit have tended to give the final factor the most emphasis". *Waterford Twp. Police & Fire Ret. Sys. v. Mattel, Inc.,* No. 17-cv-04732 VAP (KSx), 2017 U.S. Dist. LEXIS 229452, at *14 (C.D. Cal. Sep. 29, 2017). As reflected below, when evaluated against the competing movants, Docdeer has a significantly greater financial interest in two of the *Olsten/Lax* factors, including the most important factor, approximate loss suffered.

| Movant | Gross Shares Purchased | Net Shares Retained | Net Funds Expended | Claimed Losses |
|---|---|---|---|---|
| Docdeer Foundation | 4,600 | 2,600 | $388,124.62 | $154,269.86 |
| Xia Rongpeng | 7,500 | 3,300 | $350,578.90 | $127,135.00 |
| Oranee Daniels | 300 | 200 | $31,641.00 | $15,469.00 |

*See* ECF Nos. 13-2; 17-3; and 21-1.

Docdeer expended $37,545.72 more and lost $27,134.86 more compared to the next closest movant, Xia Rongpeng. Therefore, Docdeer has the largest financial interest in this matter.

Docdeer has also made a preliminary showing of typicality and adequacy, which is all that is needed at this stage in the litigation. *See Takeda v. Turbodyne Techs., Inc.,* 67 F. Supp. 2d 1129, 1136 (C.D. Cal. 1999). Docdeer's claims are typical of those of other Class members because, like other Class members, it

acquired BioNTech securities during the Class Period at prices artificially inflated by Defendants' misrepresentations and/or omissions that form the basis of the Action. Docdeer's claims are also based on the same legal theory and arise from the same events and course of conduct as the Class's claims. *See* ECF No. 12; Docdeer Memo at 7-8.

Docdeer has also made a preliminary showing of adequacy, as it has no conflicts with other Class Members, nor is there evidence of any antagonism between Docdeer's interest and those of the Class. *Id*. at 9; 15 U.S.C. § 78u-4(a)(3)(B); *see Crawford v. Honig*, 37 F.3d 485, 487 (9th Cir. 1994) (citation omitted).

Docdeer has further demonstrated its adequacy by submitting a declaration in support of its Motion, attesting that it is ready, willing, and able to oversee this litigation. In the declaration, Mr. Eric Hirsch on behalf of Docdeer, provided his education, employment, and years of investing experience. *See* ECF No. 13-4. Docdeer is an investment company for which Mr. Hirsch is authorized to act on behalf of as its investment advisor. *Id*. Mr. Hirsch considers himself to be a sophisticated investor, having been investing in the stock market for 36 years. *Id*. He resides in Cape Town, Western Cape, South Africa, and possesses a Ph.D. in Law from the University of Münster in Germany and is a licensed attorney. *Id*. Mr. Hirsch is currently retired, but prior to that, he was CEO of Bankhaus Wölbern, a bank in Hamburg, Germany. *Id*. Mr. Hirsch has experience overseeing attorneys, as he has hired attorneys for business-related matters. *Id*. Further, in the certification and declaration, Mr. Hirsch states his familiarity with, and willingness to take on, the duties of a lead plaintiff and class representative under the PSLRA and Rule 23. *See* ECF Nos. 13-1 and 13-4 (PSLRA Certification & Hirsch Declaration). Docdeer has attested that it will take all steps necessary to maximize the recovery for itself and the rest of the Class and will confer with counsel, attend court proceedings, depositions, settlement negotiations, hearings, and whatever else is necessary to

adequately protect the interests of the Class. *Id*. Docdeer will ensure that the claims asserted in the Action are prosecuted zealously. *Id*.

Docdeer, therefore, is the movant for lead plaintiff that has the largest financial interest in the Action and otherwise meets the requirements of Rule 23. Accordingly, Docdeer is entitled to the presumption that it is the "most adequate plaintiff" and should be appointed lead plaintiff. 15 U.S.C § 78u-4(a)(3)(B)(iii)(II).

**B.    No Movant Can Rebut the Strong Presumption in Favor of Appointing Docdeer as Lead Plaintiff.**

As established by the absence of any opposition to Docdeer's appointment, it is entitled to appointment as Lead Plaintiff under the PSLRA, as it has the largest financial interest among the movants, its claims are typical, and it will fairly and adequately protect the interests of the class. No movant has submitted a response brief challenging any aspect of Docdeer's motion or its entitlement to appointment, and therefore, its motion is unopposed. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (requiring "proof" to rebut presumption). In addition, Docdeer is the only remaining movant for Lead Plaintiff. On March 22, 2024, Xia Rongpeng and Oranee Daniels, the only other lead plaintiff movants, acknowledged that they do not have the largest financial interest in the relief sought by the class. *See* ECF Nos. 23 and 25. Accordingly, it is undisputed that Docdeer is the most adequate plaintiff.

**III.    CONCLUSION**

For the foregoing reasons, Docdeer respectfully requests that the Court grant its Motion and enter an order: (1) appointing Docdeer as Lead Plaintiff; (2) approving its selection of Levi & Korsinsky as Lead Counsel for the Class; and (3) granting such other relief as the Court may deem just and proper.

*[Signature on following page]*

Dated: March 28, 2024

Respectfully submitted,

**LEVI & KORSINSKY, LLP**

*/s/ Adam M. Apton*
Adam M. Apton (SBN 316506)
445 South Figueroa Street, 31st Floor
Los Angeles, CA 90071
Tel: (213) 985-7290
Email: aapton@zlk.com

*Lead Counsel for Docdeer Foundation and*
*[Proposed] Lead Counsel for the Class*

## <u>CERTIFICATE OF SERVICE</u>

I, Adam M. Apton, hereby declare under penalty of perjury as follows:

I am a partner attorney at Levi & Korsinsky, LLP, with offices at 445 South Figueroa Street, 31st Floor, Los Angeles, CA 90071. I am over the age of eighteen.

On March 28, 2024, I electronically filed the following **DOCDEER FOUNDATION'S MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO THE COMPETING LEAD PLAINTIFF MOTIONS** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on March 28, 2024.

*/s/ Adam M. Apton*
Adam M. Apton
